

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE K. ENGEBRETSON and, CATHERINE T. ENGEBRETSON, </br></br>Plaintiffs,</br></br>vs.</br></br>MIKE MAHONEY, et al.,</br></br>Defendants. | CV 09-98-M-DWM </br></br></br></br></br>ORDER |

Plaintiffs Jesse and Catherine Engebretson are proceeding pro se. They filed this action in part pursuant to 42 U.S.C. § 1983, alleging constitutional violations based on Jesse's incarceration and probation in the State of Montana. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on March 3, 2010. Judge Lynch recommended granting a motion to dismiss Plaintiffs' claims regarding Jesse's term of incarceration and Catherine's § 1983 claims and granting Defendant State of

-1-

Montana's motion to set aside entry of default. Judge Lynch also ordered that Plaintiffs may file an amended complaint with their remaining claims. After receiving an extension of time to file objections, Plaintiffs timely objected on April 6, 2010. Plaintiffs are entitled to de novo review of those portions of the Findings and Recommendations to which they objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

First, Plaintiffs object to Judge Lynch's recommendation to dismiss Catherine's § 1983 claims. They argue Catherine's claims are broader than a loss of consortium claim, because she claims the actions of the Defendants interfered with her marriage. Plaintiffs objection merely repeats the arguments already considered by Judge Lynch in his Findings and Recommendation and offers nothing to show he erred. As Judge Lynch correctly found, the Ninth Circuit has never recognized a federal claim under § 1983 for interference in a marital relationship, and federal courts have generally held that there is no federal claim for such interference. See e.g. Rzayeva v. U.S., 492 F. Supp. 2d 60, 83 (D. Conn. 2007) ("Federal courts have generally held, however, that plaintiffs alleging federal civil rights violations may not sue for the loss of companionship of a

family member."); Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000) ("[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort" and "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members."). I agree with Judge Lynch that Catherine's § 1983 claims must be dismissed.

Second, Plaintiffs object that Judge Lynch incorrectly recommended dismissing the State of Montana because it is immune from suit. They claim, without reliance on any authority, that if the State can sue others, it can be sued itself. The Plaintiffs' objection is not well-taken for two reasons. First, Judge Lynch is correct that a state has sovereign immunity, unless it has waived its immunity. Will v. Mich. Dept. of State Police, 491 U.S. 58, 70 (1989). Montana has not waived its immunity to suit in federal court for tort actions. Mont. v. Peretti, 661 F.3d 756, 758 (9th Cir. 1981). Second, Judge Lynch did not actually recommend dismissing the State of Montana. His discussion of sovereign immunity was relevant to whether the Court should set aside the entry of default against the State of Montana and whether the State has meritorious defenses to the Plaintiffs' claims. Based on the doctrine of sovereign immunity, Judge Lynch concluded the State has defenses to the claims, but did not recommend dismissal at

this time. Thus, Plaintiffs' objection regarding in dismissing the State of Montana has no merit.

Third, Plaintiffs object to Judge Lynch's recommendation to set aside the entry of default against the State of Montana. Plaintiffs repeat their claim that the State of Montana may be sued. As discussed above, the doctrine of sovereign immunity bars suit against the state unless the state has consented to be sued. Plaintiffs also claim Judge Lynch erred when he found the State of Montana had not demonstrated "intentional" or "culpable" conduct when it failed to answer the complaint. However, in the context of a motion to set aside the entry of default, conduct is "intentional" or "culpable" if it goes beyond negligence and demonstrates bad faith or deliberate or willful conduct. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001). I agree with Judge Lynch that, while the State of Montana incorrectly overlooked answering the complaint based on its belief that it was not named as a defendant, it has not acted in a way that demonstrates bad faith toward the Plaintiffs. Judge Lynch correctly recommended setting aside the entry of default against the State of Montana.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and

Recommendation (dkt #37) are adopted in full.

IT IS FURTHER ORDERED that Defendants Mike Mahoney and William Slaughter's motion to dismiss (dkt #21) is GRANTED.  Plaintiffs' claims challenging Jesse's term of incarceration and Catherine's § 1983 claims are DISMISSED.

IT IS FURTHER ORDERED that Defendant State of Montana's motion to set aside the entry of default (dkt#34) is GRANTED.

Dated this 13 day of April, 2010.

Donald W. Molloy, District Judge
United States District Court