

FILED
JUN 30 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE K. ENGEBRETSON and, CATHERINE T. ENGEBRETSON, <br><br>Plaintiffs,<br><br>vs.<br><br>MIKE MAHONEY, et al.,<br><br>Defendants. | CV 09-98-M-DWM <br><br><br><br>ORDER |

Plaintiffs Jesse and Catherine Engebretson are proceeding pro se. They filed this action in part pursuant to 42 U.S.C. § 1983, alleging constitutional violations based on Jesse's incarceration and probation in the State of Montana. The Engebretsons also pled various claims under Montana law. The Defendants moved to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(1), (6). United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on June 10, 2010. Judge Lynch recommended

granting the motion to dismiss. Plaintiffs did not timely object and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch recommended dismissing the claims against the State of Montana because it has sovereign immunity, unless it has waived its immunity. Will v. Mich. Dept. of State Police, 491 U.S. 58, 70 (1989). Montana has not waived its immunity to suit in federal court for tort actions. Mont. v. Peretti, 661 F.3d 756, 758 (9th Cir. 1981). Therefore, it must be dismissed. Second, Judge Lynch recommended dismissing the § 1983 claims against Defendants Mahoney and Slaughter because they are protected from liability by quasi-judicial immunity. Al-Kidd v. Ashcroft, 580 F.3d 949, 959 (9th Cir. 2009). Slaughter and Mahoney subjected Jesse Engebretson to restrictions on his liberty based on a facially valid court order. Even though the order was later invalidated by the Montana Supreme Court, they cannot be held liable for complying with the order while it was in place. Third, Judge Lynch recommended the Court decline to exercise

supplemental jurisdiction over the remaining state law claims if all of the federal claims are dismissed. See 28 U.S.C. § 1367(c)(3).

Upon review, I find no clear error in Judge Lynch's findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #50) are adopted in full. The Defendants' motion to dismiss (dkt # 47) is GRANTED. The Engebretsons' claims advanced under federal law and 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE and the claims advanced under Montana law are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to close the case.

Dated this 30 day of June, 2010.

Donald W. Molloy, District Judge
United States District Court